```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LOUIS    BARBATO    and    FRANCISCO
RODRIGUEZ, on behalf of themselves and all
other persons similarly situated,                                        MEMORANDUM & ORDER
                                                                         14-cv-7043 (JS)(SIL)
                              Plaintiffs,

          -against-

KNIGHTSBRIDGE PROPERTIES,

                              Defendant.
----------------------------------------------------------------x
```

**LOCKE, Magistrate Judge:**

    Plaintiffs Louis Barbato and Francisco Rodriguez (collectively "Plaintiffs") bring this action, on behalf of themselves and all other similarly situated persons, seeking unpaid wages and overtime compensation from Defendant Knightsbridge Properties ("Defendant" or "Knightsbridge"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*  *See* Docket Entry ("DE") [1].  Presently before the Court, on referral for decision from the Honorable Joanna Seybert, is Plaintiffs' motion for an Order:  (i) conditionally certifying this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b); (ii) authorizing the posting and circulation of a proposed Notice of Pendency of a Collective Action (the "Proposed Notice"), DE [21-12], and Consent to Join a Collective Action (the "Consent to Join"), DE [21-13], to all similarly situated individuals; and (iii) compelling Defendant to provide the mailing addresses, telephone numbers, and e-mail addresses of potential opt-in plaintiffs.  *See* DE [21].  Defendant opposes conditional certification and certain aspects of the

1

Proposed Notice and Consent to Join. *See* DE [23]. For the reasons stated herein, Plaintiffs' motion is granted as set forth below.

**I.   Background**

Defendant is a real estate investment, development, and management firm with interests in eight properties located in New York and one property located in New Jersey (collectively, the "Knightsbridge Properties").[1] Compl. ¶ 11. According to Plaintiffs, in managing its properties, Knightsbridge employs superintendents to perform labor, including but not limited to, maintenance and routine janitorial work. *Id.* at ¶ 12. According to former Knightsbridge Assistant Property Manager Kimberly Thornton, Knightsbridge currently employs at least one superintendent in each of its New York and New Jersey properties. *See* Declaration of Kimberly Thornton (the "Thornton Decl."), DE [21-6], ¶ 16.

From January 2011 through July 2014, Plaintiff Louis Barbato worked as a superintendent at the Knightsbridge property located at 833 Northern Boulevard, Manhasset, New York. *See* Declaration of Louis Barbato (the "Barbato Decl."), DE [21-5], ¶¶ 2-3. From October 2005 through April 2014, Plaintiff Francisco Rodriguez worked as a superintendent at the Knightsbridge property located at 1155 Northern Boulevard, Manhasset, New York. *See* Declaration of Francisco Rodriguez (the "Rodriguez Decl."), DE [21-4], ¶¶ 2-3. As superintendents, Plaintiffs' duties included "janitorial duties, as well as general building upkeep and general maintenance." Barbato Decl. ¶ 7; Rodriguez Decl. ¶ 9. Plaintiffs neither supervised employees nor

---

[1] According to the Complaint, Defendant also has properties in Europe, which are not presently at issue. Compl. ¶ 11.

had the power to hire or fire employees. Barbato Decl. ¶ 11; Rodriguez Decl. ¶ 11; Compl. ¶¶ 61, 62, 98, 99. All Knightsbridge superintendents' duties were identical to those of Barbato and Rodriguez. *See* Thornton Decl. ¶¶ 4-5.

According to Barbato, he was typically scheduled to work forty hours per week, but was often required to work more. Barbato Decl. ¶ 9. Although Barbato's timesheets reflected hours worked in excess of forty in a given week, he was not paid overtime wages. *Id.* at ¶ 14. Rodriguez was typically scheduled to work sixty hours per week, but also often worked more. Rodriguez Decl. ¶ 12. Rodriguez's timesheets did not reflect hours he worked in excess of sixty in a given week, and he was not paid overtime wages. *Id.* at ¶ 15. According to Plaintiffs, they were also regularly required to work during their unpaid lunch hour. Barbato Decl. ¶ 10; Rodriguez Decl. ¶ 13. Plaintiffs also have personal knowledge of other Knightsbridge superintendents who worked in excess of forty hours in a given week but did not receive overtime wages. Barbato Decl. ¶ 18; Rodriguez Decl. ¶ 20. Thornton agrees that Knightsbridge did not pay overtime wages to any superintendents who worked more than forty hours in a given week. Thornton Decl. ¶ 13.

Plaintiffs now seek conditional certification of this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b) and permission to circulate the Proposed Notice and Consent to Join to current and former Knightsbridge superintendents who worked at Knightsbridge Properties from July 17, 2012 through and including the present. *See* Pl. Mem. of Law at 1; *see also* Proposed Order, DE [21-14], ¶ 3. Defendant opposes Plaintiffs' motion on the grounds that their "declarations are

3

insufficient to support their motion; they contain falsehoods, misrepresentations, and rely disproportionately upon averments whose only basis of knowledge is 'information and belief.' " Def.'s Mem. of Law in Opp'n at 3.

## II.     FLSA Pay Requirements

The FLSA provides, in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "[D]istrict courts 'have discretion, in appropriate cases, to implement [section 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482 (1989)).

Pursuant to Section 207 of the FLSA, employees must be compensated "at a rate not less than one and one-half times the regular rate at which [they are] employed" for every hour worked in excess of forty in a given work week. 29 U.S.C. § 207(a)(1). However, "[t]he FLSA contains several express statutory exemptions from the overtime payment requirement." *Harper v. Gov't Emps. Ins. Co.*, 754 F. Supp. 2d 461, 463 (E.D.N.Y. 2010). In order to be exempt from the FLSA's overtime pay requirements, "an employee's 'primary duty' must be the performance of exempt

4

work." 29 C.F.R. § 541.700. Whether an employee is exempt "depends less on his title, and more on the actual duties performed." *Harper*, 754 F. Supp. 2d at 463.[2]

## III. Discussion

Applying the standards outlined above, and for the reasons set forth below, Plaintiffs' motion for an Order: (i) conditionally certifying this action as an FLSA collective action; (ii) authorizing the posting and circulation of the Proposed Notice and Consent to Join; and (iii) compelling Defendant to produce contact information for potential opt-in plaintiffs, is granted to the extent set forth below.

### A. **Conditional Certification**

Courts in the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010). First, the court determines whether the proposed class members are "similarly situated." *See Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001). If the court determines that the proposed class members are similarly situated, they must consent in writing to be bound by the result, or "opt in." *Id.* (citing 29 U.S.C. § 216(b)). The second step generally occurs following completion of discovery and requires examination of the evidentiary record to determine whether the opt-in plaintiffs are, in fact, similarly situated. *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009). The present motion only

---

[2] Although the parties do not specify the specific exemption purportedly applicable to Knightsbridge superintendents, that does not affect the question of whether Plaintiffs and proposed class members are similarly situated, because, as shown herein, all Knightsbridge superintendents performed the same tasks and were considered exempt. *See Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 277 (E.D.N.Y. 2014) ("The question of what an employee's duties are is one of fact, but the question of whether those activities fall into an FLSA exemption is a question of law.") (internal quotation omitted).

5

concerns the first step of the certification process—whether the proposed class members are similarly situated such that conditional certification should be granted.

At the conditional certification stage, "the evidentiary standard is lenient." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007) ("The burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage."). Plaintiffs seeking conditional certification "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (internal quotation omitted). At this stage, "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." *Summa*, 715 F. Supp. 2d at 385.

To be entitled to conditional certification, a movant is not required to prove an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007); *see also Sexton v. Franklin First Fin., Ltd.*, No. 08-cv-4950, 2009 WL 1706535, at *3 (E.D.N.Y. June 16, 2009) ("[N]othing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan is required."). "Courts will certify broad classes where there is some showing that all members of the putative class performed the same duties, or that the employer had uniform company-wide employment

practices." *Vasquez v. Vitamin Shoppe Indus., Inc.*, No. 10 Civ. 8820, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) (internal citations omitted). The determination that potential opt-in plaintiffs are similarly situated is typically based on the pleadings, affidavits and declarations submitted by the plaintiff. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) ("[C]ourts in the Second Circuit routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits.").

Plaintiffs' evidence is sufficient to establish a "factual nexus" between themselves and other Knightsbridge superintendents. First, Plaintiffs performed the same non-managerial duties as all other Knightsbridge superintendents. Neither Barbato nor Rodriguez supervised employees, had the ability to hire and fire employees, or had executive or administrative responsibilities. Barbato Decl. ¶ 11; Rodriguez Decl. ¶ 11; Compl. ¶¶ 61, 62, 98, 99. Rather, their responsibilities "included janitorial duties, as well as general building upkeep and general maintenance." Barbato Decl. ¶ 18; Rodriguez Decl. ¶ 20. According to Thornton, "[t]he work of Barbato and Rodriguez was the same as that performed by all of Knightsbridge's superintendents." Thornton Decl. ¶ 4.

Next, Plaintiffs' evidence supports a finding that Knightsbridge classified all employees as exempt without regard to the actual nature of their duties. According to Rodriguez, Knightsbridge Vice President of Human Resources Rana Dunn told him "that all superintendents were salaried and therefore not entitled to any compensation for overtime." Rodriguez Decl. ¶ 21. To that end, Plaintiffs submit an

7

April 17, 2014 email from Knightsbridge Property Manager Rosemary Higuera to Dunn regarding employee timesheets in which Higuera wrote, "[A]dditional hours will have no impact on salary, since every employee is exempt." *See* Declaration of Alex Granovsky, Esq. (the "Granovsky Decl."), DE [21-2], Ex. 4.  In response, Dunn wrote, "All employees are exempt.  The timesheets are for tracking purposes . . . ." *Id.*

Finally, the evidence supports a finding that neither the named Plaintiffs nor the other Knightsbridge superintendents received overtime wages for hours worked in excess of forty in a given week.  Plaintiffs declare that they were not paid overtime wages and that they have personal knowledge of other superintendents who were treated similarly.  Barbato Decl. ¶ 18; Rodriguez Decl. ¶ 20.  Former Assistant Property Manager Kimberly Thornton provides affidavit evidence consistent with Plaintiffs' claims.  *See* Thornton Decl. ¶¶ 3, 7 ("Neither Barbato, Rodriguez nor any other superintendents were ever paid any compensation for work performed beyond 40 hours in a given week.").  Plaintiffs' and Thornton's declarations provide a sufficient basis for determining that Plaintiffs are similarly situated to potential opt-in plaintiffs such that conditional certification is warranted.  *See Sharma*, 52 F. Supp. 3d at 452 (granting conditional certification "based on the statements of the named plaintiff(s) and other supporting affidavits").

Defendant opposes Plaintiffs' motion on the grounds that their "declarations lack the simple specificity required to justify conditional certification . . . ." Def.'s Mem. of Law in Opp'n at 4.  However, the lone case on which Defendant relies,

8

*Sanchez v. JMP Ventures, LLC*, No. 13 Civ. 7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), is distinguishable. In *Sanchez*, the court held that the evidence, which was "limited to plaintiff's affidavit, [was] insufficient to support even an inference that a common policy or plan that violated the law existed . . . ." *Sanchez*, 2014 WL 465542, at *1. Here, the evidence is more substantial and establishes that all superintendents were classified as exempt despite the nature of their responsibilities, that every Knightsbridge Property had a superintendent whose responsibilities were the same as those of Barbato and Rodriguez, and that no superintendent received overtime wages for hours worked in excess of forty in a given week. Although Defendant attacks the credibility of Plaintiffs' evidence, arguing that "some of the averments in plaintiffs [sic] declarations, and in their complaint, are false," Def.'s Mem. of Law in Opp'n at 4, at the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." *Summa*, 715 F. Supp. 2d at 384; *see also Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658, 662 (S.D.N.Y. 2009) ("Defendants' argument that plaintiffs' declarations are comprised of idiosyncratic, unrepresentative, and conclusory allegations based on impermissible hearsay is of no moment.").

Although Plaintiffs have shown that they are similarly situated with Knightsbridge superintendents, they have not shown that they are similarly situated to all Knightsbridge superintendents "through and including the present." Pl. Mem. of Law at 1. Barbato and Rodriguez were no longer employed as of July 3, 2014 and

April 3, 2014, respectively. Compl. ¶¶ 42, 79. According to Thornton, after Plaintiffs "threatened to sue Knightsbridge, the company changed its policies and no longer classifies superintendents as exempt. . . . This was not the case *during the time that Barbato and Rodriguez worked for the company*." Thornton Decl. ¶ 15 (emphasis added). Because Thornton does not specify the exact date on which Knightsbridge changed its policy of classifying superintendents as exempt, the evidence only supports a finding that Plaintiffs are similarly situated to superintendents whose employment at Knightsbridge commenced prior to July 3, 2014.

Based on the foregoing, Plaintiffs have satisfied the applicable lenient evidentiary standard set forth above, and their motion for conditional certification as an FLSA collective action pursuant to 29 U.S.C. § 216(b) is granted, with the collective class of potential plaintiffs including Knightsbridge superintendents who were employed between July 17, 2012 and July 3, 2014.[3]

### B. **Proposed Notice of Pendency and Consent to Join**

Plaintiffs also move for an Order authorizing dissemination of the Proposed Notice and Consent to Join. *See* DE [21-13]; Pl. Mem. of Law at 1. Neither the FLSA, nor other courts, have specifically outlined what form court-authorized notice should take or what provisions the notice should contain. *Moore*, 276 F.R.D. at 58 (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)). However, it is well-established that "[c]ourts have broad discretion to craft

---

[3] Plaintiffs' unopposed request to toll the statute of limitations as of the present motion's filing date is granted. *See* Pl. Mem. of Law at 1 n.1; *see also McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) ("[T]he statute of limitations will be tolled as of the date of the filing of this motion.").

10

appropriate notices that effectuate the overarching policies of the collective suit provisions and provide employees with accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hernandez v. Immortal Rise, Inc.*, No. 11-cv-4360, 2012 WL 4369746, at *6 (E.D.N.Y. Sept. 24, 2012) (internal quotation omitted).  Defendant does not object to the contents of the Proposed Notice, and, upon review, the Court considers it sufficient to provide accurate and timely notice of the pendency of this action.

Defendant does, however, object to the Consent to Join insofar as Defendant argues that all opt-in plaintiffs should be required to answer three additional questions: (1) Did you work overtime? (2) If so, approximately when? and (3) Do you believe you were not paid for that overtime?  Def. Mem. of Law in Opp'n at 18.  Plaintiffs object to the proposed questions on the grounds that they "serve no purpose other than to cause confusion and hinder potential plaintiffs from exercising their rights pursuant to the FLSA."  Pl. Reply Mem. of Law at 8.  Defendant does not cite any cases in which a court has required opt-in plaintiffs to answer similar questions.  To the contrary, courts have denied similar efforts to use consent forms for discovery purposes.  *See Dilonez v. Fox Linen Serv. Inc.*, 35 F. Supp. 3d 247, 256 (E.D.N.Y. 2014) ("[T]he Consent form is not a discovery device.").  Therefore, the Consent to Join form should not contain Defendant's proposed modifications.

Next, Plaintiffs propose that the Proposed Notice and Consent to Join be disseminated: (i) by posting a copy of the notice, along with consent forms, in each

11

workplace where the potential opt-in plaintiffs are employed; (ii) by sending a copy to all potential opt-in plaintiffs via first-class U.S. mail; and (iii) by emailing a copy to all potential opt-in plaintiffs. Pl. Mem. of Law at 10. Defendant objects to posting notice in the workplace on the grounds that "[n]otification via first class mail . . . is sufficient to inform all putative plaintiffs of this action." Def. Mem. of Law in Opp'n at 19. However, "[c]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Rosario v. Valentine Ave. Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011); *see also Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 565 (S.D.N.Y. 2013) ("First class mail and in-store posting is sufficient to provide notice to potential opt-in class members."). Therefore, dissemination via workplace posting, first-class U.S. mail, and email is appropriate.

Based on the foregoing, Plaintiffs' motion seeking an Order authorizing posting and circulation of the Proposed Notice and Consent to Join is granted, and Plaintiffs are authorized to disseminate the Proposed Notice and Consent to Join via first-class U.S. mail and email. Defendant shall post the Proposed Notice and Consent to Join forms in a non-public common area in each of the Knightsbridge Properties. Opt-in plaintiffs must return the Consent to Join form to Plaintiffs' counsel within sixty-five days of receipt.[4] *See Malloy v. Richard Fleischman & Assocs., Inc.*, No. 09 Civ. 322,

---

[4] Defendant does not object to the provision of the Proposed Notice requiring that opt-in plaintiffs return their Consent to Join to Plaintiffs' counsel. Where, as here, a notice of pendency informs opt-in plaintiffs of their right to obtain their own counsel, courts allow opt-in plaintiffs to return a consent form to plaintiff's counsel. *See Dilonez*, 35 F. Supp. 3d at 257.

12

2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009) (approving sixty-five day opt-in period).

### C. Production of Opt-In Plaintiffs' Contact Information

Finally, Plaintiffs seek an Order compelling Defendant to "produce a computer-readable data file containing the names, addresses, e-mail addresses and telephone numbers of all such potential opt-in Plaintiffs so that notice may be implemented." Pl. Mem. of Law at 13. Defendant does not object to the production of this information, and courts within the Second Circuit regularly grant similar requests when granting a motion for conditional certification of an FLSA collective action. *See Capsolas v. Pasta Rest., Inc.*, No. 10 Civ. 5595, 2011 WL 1770827, at *3 (S.D.N.Y. May 9, 2011) (directing defendants to produce names, addresses, and telephone numbers for potential opt-in plaintiffs); *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145, 2010 WL 4340255, at *5-6 (S.D.N.Y. Oct. 26, 2010) (holding that the disclosure of names, addresses, telephone numbers, and dates of employment were "essential to identifying potential opt-in plaintiffs"). The Court considers Plaintiffs' request to be appropriate, and the information they seek will not be "unduly burdensome or disruptive to [D]efendant's business operations." *Sexton*, 2009 WL 1706535, at *13. Therefore, Defendant shall provide the requested information to Plaintiffs' counsel within twenty-one days of this Order.

### IV. Conclusion

For the reasons set forth herein, Plaintiffs' motion for an Order: (i) conditionally certifying this action as an FLSA collective action; (ii) authorizing the

posting and circulation of the Proposed Notice and Consent to Join; and (iii) compelling Defendant to produce contact information for potential opt-in plaintiffs, is granted subject to the restrictions set forth above.

Dated: Central Islip, New York
      October 8, 2015                              **SO ORDERED**

                                                                  <u>s/ Steven I. Locke</u>
                                                                  STEVEN I. LOCKE
                                                                  United States Magistrate Judge