UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
LOUIS BARBATO and FRANCISCO RODRIGUEZ,
on behalf of themselves and all other
persons similarly situated,

                 Plaintiffs,         <u>MEMORANDUM & ORDER</u>
                                          14-CV-7043(JS)(SIL)

      -against-

KNIGHTSBRIDGE PROPERTIES,

                 Defendant.
------------------------------------X
APPEARANCES
For Plaintiffs:     Alexander Granovsky, Esq.
                 Ben Kraus, Esq.
                 Neeti Sundaresh, Esq.
                 Granovsky and Sundaresh PLLC
                 48 Wall Street, 11th Floor
                 New York, NY 10005

For Defendant:     John F. Geida, Esq.
                 John F. Geida
                 36 Main Street
                 Port Washington, NY 11050

SEYBERT, District Judge:

        Plaintiffs Louis Barbato ("Barbato") and Francisco Rodriguez ("Rodriguez" and collectively "Plaintiffs") commenced this action against their former employer Knightsbridge Properties ("Defendant" or "Knightsbridge") on December 5, 2014. (Compl., Docket Entry 1.) Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl. ¶¶ 1-3.) Currently pending before the Court is Magistrate Judge Steven I. Locke's Report and Recommendation dated August 7, 2017 (the "R&R", Docket Entry 61) with respect to the parties'

cross-motions for summary judgment (Docket Entries 53, 54). In its summary judgment motion, Defendant also moved to decertify the conditional class and to dismiss Barbato's claims based on a rejected Rule 68 offer of judgment. (Def.'s Br., Docket Entry 53-1, at 4.) Judge Locke recommends that (1) Plaintiffs' motion for summary judgment be granted in part and denied in part, (2) Defendant's motion for summary judgment be denied, (3) Defendant's motion to decertify be granted, and (4) Defendant's motion to dismiss be denied. (R&R at 2.) Defendant filed objections to the R&R, and Plaintiffs responded to the objections. (Def.'s Obj., Docket Entry 62; Pls.' Resp., Docket Entry 63.) For the following reasons, Defendant's objections are OVERRULED, and the R&R is ADOPTED in its entirety. Plaintiffs' motion for summary judgment is GRANTED IN PART and DENIED IN PART, and Defendant's motion for summary judgment is DENIED. Defendant's motion to dismiss Barbato's claims is also DENIED, and Defendant's motion to decertify the conditional class is GRANTED.

## BACKGROUND

I.  Relevant Facts

The Court assumes familiarity with the relevant facts, which are set forth in detail in Judge Locke's R&R. Briefly, Plaintiffs were employed as superintendents at one of Defendant's properties in Manhasset, New York. (R&R at 3.) Barbato worked at Defendant's Manhasset property from 2011 to 2014, and Rodriguez

worked there from 2005 to 2014.  (R&R at 3.)  Both Plaintiffs claim that they regularly worked in excess of forty hours per week but that Defendant failed to compensate them for those hours in accordance with the FLSA and NYLL.  (R&R at 3.)  There is some dispute regarding whether Defendant classified building superintendents, including Plaintiffs, as exempt from the FLSA's overtime provisions.  (Compare R&R at 4 ("According to Plaintiffs, superintendents working at Knightsbridge during the relevant period were classified as exempt employees under the FLSA.") with R&R at 5 ("According to Knightsbridge, Plaintiffs were classified as non-exempt employees.").)  Barbato testified that he was instructed not to enter all of his hours onto his time sheets.  (R&R at 3-4.)  Rodriguez alleges that his time sheets were completed for him and that he was required to sign them at the beginning of each week. (R&R at 4.)

Defendant admits that Barbato's time sheets reflect that he worked approximately 61.5 hours of uncompensated overtime, but disputes that he is entitled to compensation for any additional hours not documented in his time sheets.  (R&R at 6.)  Defendant contends that Rodriguez was already compensated for overtime hours because he agreed to "a salary that incorporates a regular rate of pay for the first 40 hours of work per week and an overtime rate of pay for the 20 hours thereafter" when he was hired in 2005.  (R&R at 5.)  In other words, Defendant maintains that Rodriguez's

3

rate of $19.68 per hour was comprised of a lower rate for the first forty hours he worked per week and a higher rate for overtime hours. (R&R at 5.)

II. Procedural History

As stated, Plaintiffs filed the Complaint on December 5, 2014 on behalf of themselves and similarly situated employees and former employees of Defendant. (Compl. ¶ 1.) Defendant answered the Complaint on February 3, 2015. (Answer, Docket Entry 8.)

On July 17, 2015, Plaintiffs filed a motion to conditionally certify the matter as a collective action under the FLSA. (Mot. to Certify, Docket Entry 21.) The motion was referred to Judge Locke, who granted it on October 8, 2015. (2015 Referral Order, Docket Entry 22; Mot. to Certify Order, Docket Entry 32.) Defendants were ordered to provide contact information for potential class members, and Plaintiff was directed to circulate a Proposed Notice and Consent to Join. (Mot. to Certify Order at 13-14.) Since that time, no additional plaintiffs have joined the collective action.

On June 13, 2016, both parties moved for summary judgment. (Pls.' Mot., Docket Entry 53; Def.'s Mot., Docket Entry 54.) Opposition briefs were filed on on July 12, 2016 and reply briefs followed on July 26, 2016. (Pls.' Opp., Docket Entry 55; Def.'s Opp., Docket Entry 56; Pls.' Reply, Docket Entry 57; Def.'s Reply, Docket Entry 58.) As part of its motion, Defendant also

moved to dismiss Barbato's claims and to decertify the conditional class.  (Def.'s Br. at 4.)  On April 7, 2017, the undersigned referred the motions to Judge Locke for a report and recommendation regarding whether the motions should be granted, and if necessary, to determine the amount of damages, costs or fees to be awarded. (SJ Referral Order, Docket Entry 60.)  On August 7, 2017, Judge Locke issued his R&R.  Defendant filed objections to the R&R on August 21, 2017, and Plaintiffs responded to the objections on August 25, 2017.  (See Def.'s Obj.; Pls.' Resp. 63.)

III.  The R&R

At the outset, Judge Locke addressed Defendant's motion to decertify the conditional class.  (R&R at 10.)  He determined that because no additional plaintiffs have joined this collective action, the motion to decertify should be granted.  (R&R at 10.)

Next, Judge Locke considered the parties' motions for summary judgment.[1]  He began by analyzing whether the FLSA and NYLL applied to Plaintiffs' claims.  He determined that, under the FLSA and NYLL, Plaintiffs qualified as employees, Defendant qualified as a covered employer, and Plaintiffs held non-exempt positions while employed by Defendant.  (R&R at 10-14.)  As such, he

_____

[1] Before beginning his analysis, Judge Locke held that to the extent that affidavits submitted by two employees of Defendant, Jordan Krauss and Rosemary Higuera, contradict their deposition testimony, their affidavits would not be considered.  (R&R at 9-10.)

concluded that Plaintiffs were "entitled to overtime for hours worked over 40 in a given week" under both the FLSA and NYLL. (R&R at 13.) Additionally, he considered the applicable statute of limitations under both statutes. Because he found Defendant's FLSA violations to be willful, Judge Locke recommended that the Court set the statute of limitations at three years instead of two years. (R&R at 15.) To support this finding, he points to Defendant's concession that Plaintiffs were non-exempt employees, and the affidavit of Rana Dunn ("Dunn"), the former Vice President of Human Resources at Knightsbridge, who stated that she "repeatedly advised that Defendant was violating the FLSA, but Knightsbridge failed to act." (R&R at 16.) Moreover, he determined that the evidence submitted by Defendant, including an email from Dunn to Chief Executive Officer Jordan Krauss ("Krauss"), failed to establish any issues of fact as to whether Knightsbridge's violations were willful. (R&R at 16.) The three-year statute of limitations recommended by Judge Locke for FLSA violations runs back to December 5, 2011.[2] (R&R at 17.) Under NYLL's six-year statute of limitations, Judge Locke determined that "all of Barbato's claims are timely, and Rodriguez's

---

[2] Because Judge Locke recommended a three-year statute of limitations, and this matter was commenced in December 2014, the Court assumes that his reference to a limitations period of April 30, 2012 to April 13, 2015 was an inadvertent error.

actionable period for overtime compensation runs back to December 5, 2008." (R&R at 17.)

As for Barbato's claims, Judge Locke points out that Defendant conceded in its brief that "Barbato was not paid, and is owed, overtime." (R&R at 17-18.) Accordingly, Judge Locke found that liability as to Barbato's claims had been established. (R&R at 18.)

With regard to Rodriguez's claims, Judge Locke considered Defendant's argument that Rodriguez agreed that his salary would include overtime pay. (R&R at 18.) <u>First</u>, he determined that because Rodriguez's pay stubs reflected that his rate of pay was based on forty hours of work per week, "the burden falls on Knightsbridge to proffer an express employer-employee agreement that Rodriguez's weekly salary covers a greater number of hours." (R&R at 20.) <u>Second</u>, he reviewed two business records which, according to Defendant, demonstrated the existence of an express employer-employee agreement. (R&R at 20.) He found that a handwritten note authored by Gretchen Beach[3] ("Beach") containing a series of mathematical calculations (the "Beach Note") was admissible as a business record, but was not a valid employer-employee agreement. (R&R at 21-22.) Specifically, he found that the "note fail[ed] to document that Rodriguez understood that his

---

[3] Beach was a former property manager at Knightsbridge. (R&R at 21.)

weekly salary . . . include[d] pay for overtime hours." (R&R at 22.) Additionally, Judge Locke concluded that a memorandum authored by Frank Mollo ("Mollo"), a former comptroller at Knightsbridge, which stated, inter alia, that Rodriguez was to be paid $9.25 for the first forty hours of work and $13.88 for an additional twenty six hours of work effective January 9, 2005 (the "Mollo Memo"), was inadmissible because Defendant had failed to establish that the memorandum was "'kept in the course of a regularly conducted business activity' and also that it was the regular practice of that business activity to make the memorandum." (R&R at 23.) Even assuming that the memorandum was admissible, Judge Locke determined that the memorandum failed to demonstrate that Rodriguez agreed that his rate of pay would include overtime pay. (R&R at 23.) Third, Judge Locke rejected Defendant's argument that it should infer an employer-employee agreement based on the parties' course of conduct. (R&R at 23-24.) Thus, Judge Locke concluded that "Rodriguez is entitled to unpaid overtime compensation for his work above 40 hours in a given week as a matter of law." (R&R at 24.)

Judge Locke also considered whether Defendant was liable for failing to provide the required wage and hour notices under NYLL. (R&R at 24.) Based on Defendant's admission that it never provided such notices, Judge Locke recommended that the Court grant summary judgment in favor of Plaintiffs in the amount of $5,000 to

each Plaintiff for violations of NYLL Sections 195(1)(a) and 195(3). (R&R at 26.)

Next, Judge Locke addressed Defendant's motion to dismiss Barbato's claims on mootness grounds. (R&R at 26.) Defendant argued that Barbato's claims were moot based on Defendant's Rule 68 Offer of Judgment. (R&R at 26.) However, Judge Locke found that Barbato's claims were not moot because he rejected Defendant's Rule 68 offer. (R&R at 27.) As a result, Judge Locke recommended that the motion to dismiss be denied. (R&R at 27.)

Finally, having found liability in Plaintiffs' favor, Judge Locke discussed the appropriate damages award. (R&R at 28-31.) Judge Locke found that, due to the conflicting accounts of the number of hours worked, there were issues of material fact as to the proper damages awards for both Plaintiffs and that a trial on damages was necessary. (R&R at 28-30.) He recommended that the related issues of liquidated damages and prejudgment interest be addressed at the appropriate time and that Plaintiffs be given leave to submit a separate motion for attorneys' fees and costs after the trial on damages. (R&R at 31.)

To summarize, Judge Locke recommended that Plaintiffs' motion be granted and that the Court "(i) [use] a three year statute of limitations under the FLSA due to Knightsbridge's willful failure to pay overtime compensation; (ii) [award] unpaid

overtime compensation pursuant to the FLSA and NYLL; . . . (iii) [award] $5,000 in damages each to both Rodriguez and Barbato due to Knightbridge's failure to provide wage statements and notices pursuant to NYLL; and (iv) [award] attorneys' fees under the FLSA and NYLL."  (R&R at 32.)

DISCUSSION

I.  Legal Standard

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous."  Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition.  See Fed. R. Civ. P. 72(b)(2).  Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

II.  Defendant's Objections

A.  The Existence of an Employer-Employee Agreement Between Defendant and Rodriguez

Defendant's principal objection is that Judge Locke improperly resolved the factual disputes surrounding the purported agreement between Knightsbridge and Rodriguez in Rodriguez's favor. (Def.'s Obj. at 3-4.) Defendant argues that the documents and testimony create an issue of fact as to whether Rodriguez agreed that his rate of pay would include overtime pay, and as a result, a jury should decide this issue. (Def.'s Obj. at 4.) Defendant maintains that it never argued that the Beach Note and the Mollo Memo were express employer-employee agreements, but rather, it argued that these documents were evidence of the underlying dispute. (Def.'s Obj. at 4.) While discussing the Beach Note, Defendant contends that while Beach does not recall discussing overtime pay with Rodriguez, it was her "practice to

inform individuals of their regular and overtime rates of pay" and "the name 'Francisco' appears at the top of the document." (Def.'s Obj. at 5.) Defendant argues that pursuant to this arrangement, Rodriguez was compensated for his overtime hours. (Def.'s Obj. at 5.) Defendant further argues that the Mollo Memo, combined with Rodriguez's testimony, "indicates [Rodriguez's] knowledge of his hourly rates." (Def.'s Obj. at 6.) Defendant disagrees with Judge Locke's determination that the Mollo Memo is inadmissible but simultaneously argues that even without this memo, it has presented sufficient evidence to defeat summary judgment for Rodriguez. (Def.'s Obj. at 7.) According to Defendant, the purpose of submitting the Mollo Memo was not to show that Rodriguez understood and agreed to incorporate his overtime pay into his annual salary, but to contradict Rodriguez's contention that he was never informed of the two rates of pay. (Def.'s Obj. at 7.) Defendant ultimately admits that "[t]here is no signed employment agreement between Knightsbridge and Mr. Rodriguez," but asserts that "the facts support the argument that there was an agreement as articulated in the Beach business record." (Def.'s Obj. [t]here is no reason to accept Ms. Dunn's affidavit over the testimony of Ms. Beach, Mr. Krauss, and the business records, all of which contradict the affidavit of Ms. Dunn." (Def.'s Obj. at 8.) Finally, Defendant argues that the fact that Rodriguez testified that he was never informed of the two rates of pay--one for the first forty hours of

work and a higher rate for the additional hours--should be given little weight, because "[w]ith all due respect to Mr. Rodriguez . . . the answers given by [him] are easy for him to utter" and "[m]emory fades."  (Def.'s Obj. at 8.)

Plaintiffs counter that Judge Locke already considered these arguments because Defendant made similar arguments in support of their motion for summary judgment.  (Pls.' Resp. at 4.) They argue that Judge Locke correctly found that Defendant failed to submit a valid employer-employee agreement because there is no evidence to suggest that Rodriguez agreed to incorporate overtime pay into his salary.  (Pls.' Resp. at 3.)  Plaintiffs contend that Judge Locke's conclusions regarding the Beach Note and the Mollo Memo are sound because neither document establishes that Rodriguez discussed the arrangement with anyone at Knightsbridge or agreed to it.  (Pls.' Resp. at 4.)  Moreover, Plaintiffs contend that Defendant's assertion that the "'testimony of several witnesses' create an issue of fact regarding whether Rodriguez was told about his regular and overtime rates of pay in 2005" is unsupported by any citations to the record or relevant testimony.  (Pls.' Resp. at 5.)  Plaintiffs also note that even if Rodriguez was told about the two rates of pay when he was hired in 2005, it is irrelevant because his claim is limited to overtime pay from 2008 to 2014 under NYLL.  (Pls.' Resp. at 5.)  As a result, Plaintiffs argue,

Defendant has failed to raise an issue of fact related to Rodriguez's claims for overtime pay.  (Pls.' Resp. at 4.)

This objection simply reiterates the argument made by Defendant in the underlying summary judgment briefing--that pursuant to an employment agreement as evidenced by the Beach Note and the Mollo Memo, Rodriguez was compensated for overtime hours. (See Def.'s Br. at 12 ("What matters is the employment agreement. Here, without genuine issue, the employment agreement began with a regular rate of pay of $9.00 per hour and an overtime rate of pay of $13.50 per hour."); Def.'s Opp. at 4-5 ("The business record authored by Ms. [Beach], and as testified to by her, is persuasive enough.  But when combined with the business record authored by Frank Mollo, the evidence is undisputed:  Mr. Rodriguez's starting hourly rate was $9.00 and his starting overtime rate was $13.50.").)  As a result, the Court reviews Judge Locke's conclusions on this issue for clear error, and finds none.  See Sunoco, Inc. v. 175-33 Horace Harding Realty Corp., No. 11-CV-2319, 2016 WL 5239597, at *2 (E.D.N.Y. Sept. 22, 2016), aff'd, --- F. App'x ---, 2017 WL 3887987 (2d Cir. 2017) (reviewing R&R for clear error when defendant "simply reiterate[d] his original arguments").  Judge Locke carefully considered these arguments and determined that Defendant failed to proffer sufficient evidence of a valid employee-employer agreement to create an issue of material fact.  The Court sees no reason to disturb that determination.

B.  Rana Dunn's Affidavit

Defendant objects to Judge Locke's determination that Dunn's affidavit was "more credible" than the testimony of other witnesses.  (Def.'s Obj. at 9.)  Dunn submitted an affidavit stating that during her tenure, she became aware that Knightsbridge was violating the FLSA, including by classifying non-exempt employees as exempt from the overtime provisions, but when she brought it to the company's attention, Knightsbridge refused to remedy its non-compliance.  (Dunn Aff., Pls.' Ex. 15, Docket Entry 54-18.)  Plaintiffs respond that the "R&R made no such ruling," but that Defendant appears to be objecting to the R&R's reliance on the affidavit during the discussion of whether Defendant's violations of the FLSA were willful.  (Pls.' Resp. at 6.)

This objection is far from clear and reads more like a personal attack on Ms. Dunn than a legal argument.  (See Def.'s Obj. at 10 (arguing that Ms. Dunn "failed at her job").)  Moreover, Defendant fails to specify the specific portion of the R&R which made this determination.  In any event, Judge Locke did not conclude that the affidavit deserved greater weight than other evidence.  However, he did consider the affidavit as evidence of Knightsbridge's willful violations of the FLSA.  To the extent that Defendant is objecting to that finding, the Court will address that objection supra.

C.  The R&R's Interpretation of Giles v. City of New York

Defendant argues that Judge Locke misinterpreted _Giles v. City of New York_, 41 F. Supp. 2d 308 (S.D.N.Y. 1999).  (Def.'s Obj. at 12.)  Specifically, Defendant contends that it did not cite _Giles_ to argue that the Court should infer the existence of an agreement based on the parties' conduct, but rather, to support its argument that "the way in which Mr. Rodriguez was paid . . . did not violate the FLSA or NYLL."  (Def.'s Obj. at 12-13.)  Additionally, Defendant asserts that "[t]he _Giles_ case, and the supporting case law it cited which dates back to 1962, precluded summary judgment for the plaintiff."  (Def.'s Obj. at 13.)  Defendant also reiterates its arguments regarding the existence of an employment agreement with Rodriguez.[4]  (Def.'s Obj. at 13-16.)  Plaintiffs maintain that Judge Locke's interpretation of _Giles_ is correct.  (Pls.' Resp. at 6-7.)

In _Giles_, a class of public employees brought suit against the City of New York to recover unpaid overtime wages. _Giles_, 41 F. Supp. 2d at 309.  During a discussion of the FLSA's overtime provisions, the court stated that when an employee works more than forty hours a week and is paid a "standard wage," the Court must consider the parties' intent, including "how many

_____

[4] Because the Court has already reviewed Judge Locke's conclusions on that issue for clear error and found none, it will not re-address those arguments here.

hours . . . the employer and employee underst[oo]d the salary to cover." Id. at 316 (quoting Nunn's Battery & Electric Co. v. Goldberg, 298 F.2d 516, 519 (5th Cir. 1962)). Further, the court specified that "[u]nless the contracting parties intend and understand the weekly salary to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premium for workers regularly logging overtime, but instead hold that weekly salary covers only the first 40 hours." Id. at 317. Finally, the court outlined the applicable legal framework, writing that "[t]here is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing an employer-employee agreement that the salary covers a different number of hours." Id.

Defendant's arguments are unconvincing for several reasons. First, contrary to Defendant's representations, Defendant did cite Giles as support for inferring an employer-employee agreement based on the parties' conduct. (See Def.'s Br. at 19.) Second, while Defendant is correct that Giles permits combining regular and overtime rates of pay into an annual salary, the legality of such arrangements was never in question. Judge Locke's R&R recognized that employers may comply with the FLSA by computing an annual salary based on an employee's regular rate of pay for the first forty hours of work and a higher rate for overtime hours. (See R&R at 18-19.) However, as Judge Locke also

acknowledged, the employer must rebut the presumption that the annual salary covers only forty hours by submitting a valid employer-employee agreement. (See R&R at 18-19.) As discussed in section II.A supra, Defendant has not done so; Defendant has not presented evidence from which a reasonable jury could conclude that Knightsbridge discussed this alleged arrangement with Rodriguez or that Rodriguez agreed to be paid in this manner. Therefore, the fact that such an agreement--if it existed--would be permissible under the FLSA is irrelevant. Defendant's attempts to appeal to common sense and the "general legal tenets applicable to trial procedure" and to undermine Rodriguez's testimony on unrelated topics similarly fail. (Def.'s Obj. at 14.) The law is clear, and Defendant has failed to meet its burden.

D.  The R&R's Denial of Summary Judgment as to Damages

Defendant objects to Judge Locke's recommendation that a trial is required on damages due to the existence of issues of fact as to the amount of overtime worked by Rodriguez and Barbato. (Def.'s Obj. at 16.) Defendant argues that this recommendation is "incongruous with the finding that Mr. Rodriguez deserves summary judgment" because just as there are issues of fact as to damages, there are issues of fact as to whether Rodriguez agreed to incorporate overtime pay into his annual salary. (Def.'s Obj. at 16.) Defendant also cites several cases which it argues supports this position. (Def.'s Obj. at 16-18.) Plaintiffs argue that

there is nothing inconsistent about ordering a trial on damages while finding in favor of Plaintiffs on liability.  (Pls.' Resp. at 7.)   Further, Plaintiffs maintain that the cases cited by Defendant actually undermine Defendant's contention.  (Pls.' Resp. at 7-8.)

The Court agrees with Plaintiffs.  Judge Locke properly denied summary judgment on the issue of damages because there are disputes regarding the number of overtime hours worked by Plaintiffs and the amount of overtime pay they are owed. Defendant's analogy relies on the false premise that "there is evidence on both sides" related to the existence of an employment agreement with Rodriguez.  (See Def.'s Obj. at 16.)  As discussed above, Defendant did not present sufficient evidence to create an issue of material fact regarding Rodriguez's entitlement to overtime pay.  Unsurprisingly, this objection also re-iterates Defendant's prior arguments regarding the purported employment agreement.  Regardless of the manner in which Defendant presents this argument, it is the same argument, and it still fails.

Moreover, the cases cited by Defendant do not support its position.  In Moreno v. 194 East Second Street LLC, No. 10-CV-7458, 2013 WL 55954, at *1 (S.D.N.Y. Jan. 4, 2013), the court denied plaintiff's motion for summary judgment because there was a genuine issue of fact as to whether the parties had an agreement that overtime pay would be incorporated into the plaintiff's annual

salary.  In another case, Pest v. Bridal Works of New York, Inc.,
No. 16-CV-1523, 2017 WL 3393967, at *8 (E.D.N.Y. July 27, 2017),
Magistrate Judge Cheryl Pollak denied the employer's motion for
summary judgment because there were issues of fact regarding
"whether plaintiff qualifies as a piecework employee, whether
plaintiff worked more than 40 hours per work, and if plaintiff did
work more than 40 hours per week, the amount of hours of overtime
she worked."  Finally, in Leong v. 127 Glen Head Inc., 102 F. Supp.
3d 450, 453 (E.D.N.Y. 2015), the plaintiff's motion for summary
judgment was denied based on the existence of factual disputes
related to the number of hours worked and plaintiff's wages.  The
fact that courts have denied summary judgment motions based on the
existence of issues of fact in other cases does not create an issue
of fact in this case.

> E.  The R&R's Finding that Knightsbridge Willfully
>     Violated the FLSA

Defendant objects to Judge Locke's finding that
Knightsbridge willfully violated the FLSA and his recommendation
that, as a result, the Court should impose a three-year statute of
limitations for FLSA violations.  (Def.'s Obj. at 20; R&R at 32.)
Without further explanation, Defendant refers the Court to the
arguments in their reply brief.  (Def.'s Reply at 1-3.)  Plaintiffs
maintain that the Court should disregard this objection as a
reiteration of Defendant's prior arguments.  (Pls.' Resp. at 8.)

Alternatively, they argue that Judge Locke's determination was correct because "Defendant presented no evidence to demonstrate a lack of willfulness." (Pls.' Resp. at 9.)

This objection is meritless. As discussed above, where a party "simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 292 (internal quotation marks and citation omitted). Further, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" under Federal Rule of Civil Procedure 72(b). Benitez v. Parmer, 654 F. App'x 502, 503 (2d Cir. 2016) (quoting Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)). The Court has reviewed this portion of the R&R for clear error and finds none.

To the extent that Defendant argues that Judge Locke improperly determined that the Dunn affidavit was more credible than other evidence, this argument also fails.[5] (Def.'s Obj. at 9-12.) Judge Locke reviewed the evidence submitted by both parties and concluded that the evidence submitted by Defendant failed to establish an issue of fact as to whether Defendant violated the

---

[5] The Court fails to see the relevance of Defendant's analogy to horse racing in this discussion. (Def.'s Obj. at 11. ("By way of analogy, one can call an Arabian horse a thoroughbred, but that Arabian will not win the Kentucky Derby. The Arabian will always be an Arabian no matter what you call it.").)

FLSA willfully.  (R&R at 16.)  Judge Locke considered an email submitted by Defendant but found that the email did "nothing to counter the sworn admissions of Defendant's former Vice President of Human Resources," who stated that she advised Knightbridge that they were violating the FLSA but that the company failed to take any action.  (See Dunn Aff.)  Thus, Judge Locke did not determine that the Dunn affidavit was more credible than other evidence; rather, he determined that Defendant failed to come forward with any evidence demonstrating a lack of willfulness, and as a result, summary judgment for Plaintiffs was appropriate.  The Court finds no error in that determination.

F.  The R&R's Recommendation that Plaintiffs be Awarded Damages for Violations of NYLL Sections 195(1) and 195(3)

Finally, Defendant objects to Judge Locke's recommendation that the Court grant summary judgment in favor of Plaintiffs in the amount of $5,000 to each Plaintiff for violations of NYLL Sections 195(1)(a) and 195(3).  (Def.'s Obj. at 20.) Defendant contends that Judge Locke "totally rejected" its argument "not because of the substance, but because defendant allegedly raised the argument for the first time in its reply brief."  (Def.'s Obj. at 20.)  Defendant also refers the Court to the arguments in its reply brief. (Def.'s Obj. at 20.)  Plaintiffs counter that Judge Locke did consider Defendant's arguments despite the fact that Defendant raised them for the first time on

reply. (Pls.' Resp. at 9.) Additionally, they argue that the Court should review this portion of the R&R for clear error because the objection constitutes a reiteration of Defendant's prior arguments. (Pls.' Resp. at 9.)

The Court agrees with Plaintiffs. Judge Locke acknowledged that Defendant's arguments regarding NYLL sections 195(1)(a) and 195(3) were procedurally defective, but ultimately relied on the testimony of Defendant's Rule 30(b)(6) witness, who admitted that Knightsbridge did not provide the required wage and hour notices. (R&R at 25.) Moreover, because this objection refers the Court to Defendant's reply brief without further explanation, the Court need only review Judge Locke's recommendation for clear error. See Benitez, 654 F. App'x at 503. The Court finds no error in Judge Locke's recommendation on Plaintiff's wage and hour notice claims.

## CONCLUSION

The Court finds Judge Locke's Report and Recommendation to be thorough and well-reasoned. For the foregoing reasons, Defendant's objections are OVERRULED, and the R&R is ADOPTED in its entirety. Plaintiffs' motion for summary judgment (Docket Entry 54) is GRANTED IN PART and DENIED IN PART, and Defendant's motion for summary judgment (Docket Entry 53) is DENIED. Defendant's motion to dismiss Barbato's claims is also DENIED, and Defendant's motion to decertify the conditional class is GRANTED.

Plaintiffs are entitled to: (1) a three-year statute of limitations under the FLSA, (2) an award of unpaid overtime compensation under the FLSA and NYLL, (3) an award of $5,000 in damages each for violations of NYLL Sections 195(1)(a) and 195(3), and (4) an award of attorneys' fees at the appropriate time.  While Plaintiffs have prevailed on liability, the amount of unpaid overtime compensation they are owed will be determined at trial.

The parties shall file letters within fourteen (14) days of the date of this Memorandum and Order setting forth their respective positions on scheduling a settlement conference with Judge Locke.  If the parties are unable to resolve this matter, a damages trial will proceed promptly.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     September __20__, 2017
           Central Islip, New York