**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

LOUIS BARBATO and FRANCISCO RODRIGUEZ:
on behalf of themselves and all other persons :
similarly situated, : Civil Action No.: CV-14-7043
 :
  Plaintiffs :
 :
  v. : **PLAINTIFFS' PRETRIAL**
 : **MEMORANDUM OF LAW**
KNIGHTSBRIDGE PROPERTIES, :
 :
  Defendant. :
_____:


   Plaintiffs Louis Barbato and Francisco Rodriguez submit this pretrial memorandum of

law in advance of trial on this matter scheduled before Your Honor on January 22, 2018.

**PRELIMINARY STATEMENT**

   Plaintiffs prevailed on their claims that Defendant Knightsbridge Properties Corporation

did not pay overtime and failed to provide Plaintiffs with legally required wage statements and

notices.  The only issues remaining for trial are the damages due to each Plaintiff.  Accordingly,

the foregoing shall focus primarily on the calculation of damages in this matter.

**CLAIMS AND DEFENSES TO BE TRIED**

Plaintiffs' Claims:

Plaintiffs have asserted the following claims:

> ➤ Failure to pay overtime pursuant to the FLSA and NYLL (Counts I and II); and
> ➤ Failure to provide wage notices and wage statements pursuant to NYLL (Count III).

Court Holdings:

   On summary judgment, this Court held that Defendant was liable to Plaintiffs as to each

count of the Complaint.  With respect to Counts I and II (unpaid overtime) the Court held that an

issue of fact existed as to the precise measure of damages.  With respect to Count III (wage

1

notice / statement claims), the Court held that Defendant was liable to each Plaintiff in the amount of $5,000.00.

Specifically, the Report & Recommendation on Summary Judgment[1] ("R&R"), affirmed in its entirety by this Court on September 20, 2017,[2] held, *inter alia*, that:

➢ Barbato's regular rate of pay was $19.23 in 2011, $21.63 in 2012, $21.15 in 2013, and $21.63 in 2014.  R&R at 4

➢ Rodriguez's regular rate of pay was $19.385 in 2008, 2009, 2010 and 2011, $19.676 in 2012 and $19.68 in 2013 and 2014.  R&R at 4.

➢ Defendant is Plaintiffs' employer.  R&R at 11.

➢ Defendant engages in interstate commerce and is subject to the FLSA.  R&R at 12.

➢ Plaintiffs are non-exempt.  R&R 13.

➢ Defendant's violations of the FLSA and NYLL were willful.  R&R16-17.

➢ Liability as to Barbato is established, and he is entitled to recover for all hours worked above 40 hours per week.  R&R at 18.

➢ Rodriguez is entitled to unpaid overtime compensation for work above 40 hours in a given week as a matter of law.  R&R at 24.

➢ Defendant is liable for its failure to provide wage notices and wage statements each in the amount of $2,500 per plaintiff.  R&R at 25.  Defendant is liable to each Plaintiff in the amount of $5,000. R&R at 26.

➢ Rodriguez worked at least 20 overtime hours per week.  Def. 56.1 at ¶¶8, 19, 66; R&R at 29.

The R&R held that genuine issues existed as to certain material facts, specifically:

➢ Plaintiff  "Rodriguez testified that he worked at least 65 hours per week throughout the actionable period.  [Defendant], in contrast, concedes that Rodriguez worked 60 hours, which includes 20 hours of unpaid overtime, per week, but denies any additional hours."  R&R at 29 (internal citations omitted).

---

[1] Docket No. 61.
[2] Docket No. 64.

➢ "Barbato alleges that he worked 45 hours per week throughout his tenure at Knightsbridge.  His timesheets, however, only show a total of 61.5 hours of overtime … Barbato estimates … that he logged 85% of his overtime on his timesheets which would limit his unpaid overtime total to 72.35 hours."  R&R at 30.

Accordingly, the issues to be addressed at trial are limited to:

➢ **Rodriguez**:     Did Plaintiff Rodriguez work 20 or 25 hours of unpaid overtime per week?

➢ **Barbato**:     Did Barbato work overtime only as reflected on his timesheets, 5 overtime hours per week as testified, or something in between?

➢ **Plaintiffs' Overtime Hours Worked**

Each Plaintiff testified that he regularly worked more than the hours indicated on his timesheets.  Barbato was permitted to fill out his own timesheets, but was consistently instructed to underreport his hours.  Rodriguez, on the other hand, had his timesheets filled out in advance and therefore could not report his actual hours beyond his regularly schedule hours reflected on his timesheets.

Plaintiffs will testify consistently with their deposition transcripts – Barbato and Rodriguez worked, respectively 5 and 25 hours of uncompensated overtime per week.  Barbato's timesheets indicate that he worked fewer than 45 hours most weeks, but he will testify (as he did during deposition) that he was consistently pressured by management to underreport his hours.  Conversely, Mr. Rodriguez will testify that his work is reflected in his timesheets which indicate 65 hours per week with no lunch break.  He testified as such during his deposition and will testify consistently at trial.  In addition to Mssrs. Barbato and Rodriguez, Plaintiffs expect that witnesses Kimberly Thornton and Rana Dunn will also testify that Mr. Barbato and Rodriguez worked 45 and 65 hours per week, respectively, and that Mr. Barbato was pressured to underreport his house.

It is anticipated that Defendants will rely on Barbato's timesheets to argue that he is only entitled for the unpaid overtime indicated thereon.  However, if, as here, documentation by the employer is inadequate, inaccurate, or absent altogether, an employee can sustain his burden by giving the fact finder "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 348 U.S. 680, 686-87 (1946); *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31-32 (2d Cir. 2002). A Plaintiff may meet this burden solely through his or her own recollection to meet this initial burden. *Rivera v. Ndola Pharmacy Corp.*, 497 F.Supp.2d 381, 388 (E.D.N.Y. 2007).  If the court finds the testimony credible, it can award damages based on an approximation of the employee's loss. *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997).

## DAMAGES

Liability has been determined.  Plaintiffs are entitled to their full unpaid wages, liquidated damages (under either the NYLL or FLSA, whichever provides greater recovery), interest, and attorneys' fees and costs.[3] Plaintiffs calculate damages as follows:

**BARBATO**

| YEAR | BARBATO OVERTIME RATE | BARBATO OVERTIME HOURS WORKED/WEEK | BARBATO OVERTIME WEEKS WORKED | TOTAL UNPAID OVERTIME WAGES |
|------|-----------------------|-----------------------------------|-------------------------------|-----------------------------|
| 2010 | $28.85 | 5 | 2 | $288.45 |
| 2011 | $28.85 | 5 | 48 | $6,922.80 |
| 2012 | $28.85 | 5 | 48 | $7,786.80 |
| 2013 | $31.73 | 5 | 48 | $7,614.00 |
| 2014 | $32.45 | 5 | 24.1 | $3,909.62 |

---

[3] R&R at 31-32.

**RODRIGUEZ**

| YEAR | OVERTIME RATE | OVERTIME HOURS WORKED/WEEK | OVERTIME WEEKS WORKED | TOTAL UNPAID OVERTIME WAGES |
|---|---|---|---|---|
| 2008 | $29.08 | 25 | 3 | $2,180.81 |
| 2009 | $29.08 | 25 | 40 | $29,077.50 |
| 2010 | $29.08 | 25 | 44 | $31,985.25 |
| 2011 | $29.08 | 25 | 48 | $34,893.00 |
| 2012 | $29.51 | 25 | 48 | $35,416.80 |
| 2013 | $29.52 | 25 | 48 | $35,424.00 |
| 2014 | $29.52 | 25 | 12.8 | $9,446.40 |

Total unpaid overtime wages due and owing to Plaintiff Barbato is:  **$26,521.67**.

Total unpaid overtime wages due and owing to Plaintiff Rodriguez is: **$178,423.76**.

➢ **Plaintiffs are Entitled to Liquidated Damages Under the NYLL**

Both the FLSA and New York Labor Law provide for an award of liquidated damages unless the Defendant proves its violations were made in good faith. Here, the Court already found that Defendant's violations were willful under the FLSA.[4]   Further, the Court held that each Plaintiff is entitled to liquidated damages under one of, but not both, the FLSA and NYLL.[5] From the start of the Actionable period until April 8, 2011 plaintiffs are entitled to recover liquidated damages under the NYLL equal to 25%, thereafter, the amount of liquidated damages for unpaid wages under the New York Labor Law is 100%. N.Y. Lab. Law § 198(1-a).

---

[4] R&R at 16-17.
[5] R&R at 28.

Plaintiffs are entitled to liquidated damages under both the FLSA and NYLL computed as follows:

| YEAR | BARBATO UNPAID OVERTIME | BARBATO NYLL LIQUIDATED DAMAGES |
|---|---|---|
| 2010 | $288.45 | $72.11 |
| 2011 | $6,922.80 | $5,192.10[6] |
| 2012 | $7,786.80 | $7,786.80 |
| 2013 | $7,614.00 | $7,614.00 |
| 2014 | $3,909.62 | $3,909.62 |
| TOTAL | $26,521.67 | $24,574.63 |

The total amount of liquidated damages due to Barbato is **$24,574.63.**

| YEAR | RODRIGUEZ UNPAID OVERTIME | RODRIGUEZ NYLL LIQUIDATED DAMAGES |
|---|---|---|
| 2008 | $2,180.81 | $545.20 |
| 2009 | $29,077.50 | $7,269.38 |
| 2010 | $31,985.25 | $7,996.31 |
| 2011 | $34,893.00 | $26,169.75 |
| 2012 | $35,416.80 | $35,416.80 |
| 2013 | $35,424.00 | $35,424.00 |
| 2014 | $9,446.40 | $9,446.40 |

[6] Until April 8, 2011 liquidated damages under the NYLL were 25%, after that date, liquidated damages increased to 100%.

6

| TOTAL | $178,423.76 | $122,267.84 |
|---|---|---|

The total amount of liquidated damages due to Rodriguez is **$122,267.84**.

➢ **Plaintiffs are Entitled to Interest Under the NYLL**

Plaintiffs are entitled to prejudgment interest for their claims for unpaid wages under the NYLL. Prejudgment interest in calculated at the rate of 9%. NYCPLR §5004. Because the damages are incurred at various points in time, prejudgment interest should be calculated by using the midpoint of the accrual of the damages to calculate interest. *Doo Nam Yang*, 427 F.Supp.2d at 342. Accordingly, interest due to each Plaintiff is calculated as follows:

| YEAR | MULTIPLIER | UNPAID WAGES BARBATO | UNPAID WAGES RODRIGUEZ | TOTAL INTEREST (MULTIPLIER * 0.09 * UNPAID WAGES) BARBATO | TOTAL INTEREST (MULTIPLIER * 0.09 * UNPAID WAGES) RODRIGUEZ |
|---|---|---|---|---|---|
| 2008 | 10 | | $2,180.81 | | $1,962.73 |
| 2009 | 9 | | $29,077.50 | | $23,552.78 |
| 2010 | 8 | $288.45 | $31,985.25 | $207.68 | $23,029.38 |
| 2011 | 7 | $6,922.80 | $34,893.00 | $4,361.36 | $21,982.59 |
| 2012 | 6 | $7,786.80 | $35,416.80 | $4,204.87 | $19,125.07 |
| 2013 | 5 | $7,614.00 | $35,424.00 | $3,426.30 | $15,940.80 |
| 2014 | 4 | $3,909.62 | $9,446.40 | $1,407.46 | $3,400.70 |
| TOTAL | | | | **$13,607.68** | **$108,994.05** |

Based on the damages incurred by Plaintiffs, prejudgment interest is due to each as follows:  Barbato (**$13,607.68**), Rodriguez (**$108,994.05**).

➢ **Total Unpaid Overtime Plus Liquidated Damages and Interest**

The amount due each Plaintiff, for unpaid overtime plus liquidated damages (under federal and state law) and interest (under state law) are as follows:

| PLAINTIFF | UNPAID OVERTIME WAGES | LIQUIDATED DAMAGES | INTEREST | TOTAL |
|---|---|---|---|---|
| Barbato | $26,521.67 | $24,574.63 | $13,607.68 | **$64,703.98** |
| Rodriguez | $178,423.76 | $178,423.76 | $108,994.05 | **$465,841.57** |
| **GROSS** | **$204,945.43** | **$202,998.39** | **$122,601.73** | **$530,545.55** |

➢ **Plaintiffs are Entitled to Attorneys' Fees Under the NYLL and FLSA**

The Court has already ruled that Plaintiffs are entitled to attorneys' fees and costs incurred in prosecuting of this action.[7]  Upon order of the Court, Plaintiffs shall submit a fee petition.

## CONCLUSION

The only issues remaining for trial are related to damages.  Specifically, how much unpaid overtime did each Plaintiff work?  The credible evidence, which shall be marshalled at trial will demonstrate conclusively that Plaintiffs are entitled to recovery in the amount of **$530,545.55** plus attorneys fees, costs and any other relief that the Court deems just and equitable.

---

[7] R&R at 31.

Dated:  New York, New York
       January 8, 2018

Respectfully submitted,

**GRANOVSKY & SUNDARESH PLLC**


By:_____ */s Alexander Granovsky*_____
        Alexander Granovsky (AG 6962)

48 Wall Street, 11th Floor
New York, NY 10005
Phone:  (646) 524-6001
Fax:  (646) 417-5500

Attorneys for Plaintiffs

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 8, 2018 a true and correct copy of Plaintiffs′ Pretrial Memorandum of Law was served, upon counsel for Defendant, via CM/ECF as follows:

John F. Geida, Esq.
*General Counsel*
Knightsbridge Properties Corp.
68 Thomas Street
New York, NY 10013
jfg@knightsbridgeproperties.net
*Counsel for Defendant*

s/ *Alex Granovsky*
Alex Granovsky